# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | |
| **Lynn Wallace Ray,** | **Bankruptcy Case** |
| | **No. 12-41467-JDP** |
| **Debtor.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Ryan Farnsworth, Idaho Falls, Idaho, Attorney for Debtor

Brett Cahoon, RACINE, OLSEN, NYE, BUDGE & BAILEY, Chtd. Pocatello, Idaho, Attorney for Chapter 7 Trustee

### *Introduction*

Chapter 7[1] trustee Gary L. Rainsdon ("Trustee") filed a motion for turnover, to which the debtor Lynn Wallace Ray ("Debtor") objected. Dkt.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037

MEMORANDUM OF DECISION – 1

Nos. 37 and 41. On May 21, 2013, the Court conducted an evidentiary hearing on the motion at which the parties appeared and presented evidence and argument. At the conclusion of the hearing, the Court took the issues under advisement. The Court has now considered the evidence and testimony, as well as the arguments of the parties. This Memorandum of Decision sets forth the Court's findings of fact, conclusions of law and reasons for its decision.[2]

*Facts*

Debtor filed the chapter 7 petition on October 24, 2012. Dkt. No. 1. After several iterations, a "third amended" Schedule C was filed on February 11, 2013. Dkt. No. 32. The only item listed on this amended schedule is a 2003 Chevrolet Silverado (the "Vehicle"),[3] which Debtor claimed exempt under Nevada Revised Statutes (NRS) § 21.090(1)(f). *Id.* The amount of the exemption claimed is $15,000, while the value of the

---

[2] Rules 9014; 7052.

[3] Trustee's motion for turnover also included reference to a 1992 Chevrolet Corvette owned by Debtor. The Court was advised at the hearing that Debtor has agreed to turnover this property to Trustee.

MEMORANDUM OF DECISION – 2

Vehicle is listed as $7,000.  *Id.*

Trustee filed a motion seeking turnover of the Vehicle under §§ 521(a)(4) and 542.  Dkt. No. 37.  Debtor objected to this motion contending that the Vehicle was "fully exempt."  Dkt. No. 41.

At the hearing on Trustee's motion, Trustee testified that the Vehicle could be expected to fetch between $20,000 to $23,000 at an auction.  He arrived at this value based on his review of Kelley Blue Book information on the internet, as represented in Exhibit 200, and many years of experience as a trustee selling vehicles of this kind.

Debtor contested Trustee's valuation testimony, arguing the liquidation value of the Vehicle was more likely $16,000 to $22,000.  Debtor also obtained Kelley Blue Book data from a local Chevrolet dealer.  Exhibit 105.  Debtor testified that, because of the condition of the Vehicle, it should sell for the low end of the book value in Exhibit 105.

After the evidentiary record was closed, the parties argued their positions.  Trustee argued that because the value of the Vehicle exceeds the exemption amount allowed in NRS § 21.090(1)(f), he was entitled to

MEMORANDUM OF DECISION – 3

liquidate it, and therefore, the Vehicle should be turned over for administration. When asked by the Court whether the vehicle exemption statute in the Nevada statute applies only to Debtor's equity in the Vehicle, Trustee argued that it did, citing to *In re Longmore*, 273 B.R. 633 (Bankr. D. Nev. 2001).

In response, Debtor's argument focused on the value of the Vehicle. The Court advised Debtor it was inclined to defer to Trustee's valuation of the Vehicle based on his professional experience and judgment. When asked whether Debtor's counsel had a position as to how the Nevada exemption statute should be interpreted and applied, counsel was uncertain, so the Court offered counsel time to brief the matter. The Court took the matter under advisement, and soon thereafter, Debtor's counsel contacted the Clerk and advised that he would not be filing a brief.

*Analysis and Disposition*

**I. Applicable Law**

This case requires the Court to review and interpret NRS §

MEMORANDUM OF DECISION – 4

21.090(1)(f), Nevada's vehicle exemption statute.[4]

Exemption statues are to be liberally construed in favor of the debtor. *Aden v. Gugino (In re Aden)*, 484 B.R. 379, 382 (D. Idaho 2012) (citing *Hummel v. Nowak (In re Tober)*, 688 F.3d 1160, 1163 (9th Cir. 2012)); *see also In re Lenox*, 58 B.R. 104, 106 (Bankr. D. Nev. 1986). Nevada has opted out of the federal exemptions provided in § 522, see NRS § 21.090(3), thus Nevada exemptions statutes apply to this case, and courts in that state are to apply the statute's plain meaning, *J.E. Dunn Northwest, Inc. v. Corus Const. Venture, LLC*, 249 P.3d 501, 505 (Nev. 2011).

NRS § 21.090(1) provides: "[t]he following property is exempt from execution . . . (f) Except as otherwise provided in paragraph (p),[5] one vehicle if the judgment debtor's equity does not exceed $15,000 or the

---

[4] Even though Debtor currently resides in Idaho, based upon § 522(b)(3)(A), Nevada exemption law applies here. Trustee does not dispute Nevada exemptions apply.

[5] Paragraph (p) does not apply here because that section applies solely to a vehicle owned by a person with a permanent disability: "[a]ny vehicle owned by the judgment debtor for use by the judgment debtor or the judgment debtor's dependent that is equipped or modified to provide mobility for a person with a permanent disability." NRS § 21.090(1)(p).

MEMORANDUM OF DECISION – 5

creditor is paid an amount equal to any excess above that equity." The term "equity" is not defined within NRS § 21.090, however, courts in Nevada may look to other chapters of the NRS for guidance as to a definition of a term. *See, e.g., Savage v. Pierson*, 157 P.3d 697, 700 (Nev. 2007); *see also Leavitt v. Alexander (In re Alexander)*, 472 B.R. 815, 822-23 (9th Cir. BAP 2012) (interpreting NRS § 21.090(1)(f)'s use of the word "vehicle" and stating "when a term is not defined in the pertinent chapter of the NRS, *Savage* allows the court to look to other chapters within the NRS where the term at issue is defined for guidance."). As noted by the Nevada court in *Savage*, equity is defined in NRS § 115.005(1) as "the amount that is determined by subtracting from the fair market value of the property the value of any liens excepted from the homestead exemption pursuant to subsection 3 of NRS 115.010 or NRS115.090." *Savage*, 157 P.3d at 700. As *Savage* summarized: "[b]y definition then, 'equity' is the fair market value of the property less any of the allowed encumbrances . . . ." *Id.* at 700. After determining the definition of equity, the court concluded that in

MEMORANDUM OF DECISION – 6

order to claim a homestead exemption in Nevada the debtor "must have some form of 'equity' in his residence." *Id.* at 701. The court went on to state, "[t]he statutory definition of 'equity' contemplates more than a general 'interest' in the property or the right to possession, it contemplates ownership." *Id.*

*In re Longmore* involved interpretation of NRS § 21.090(1)(f) as it applied to a husband and wife who filed a joint chapter 7 bankruptcy case. 273 B.R. at 634. In that case, the debtors owned two vehicles. One vehicle was wholly encumbered. The other vehicle had a substantial amount of equity. The debtors attempted to "stack" their exemption amounts in the vehicle with equity, and attempted to reaffirm the debt on the wholly encumbered vehicle. The chapter 7 trustee objected and argued that both joint debtors should not be entitled to an exemption in the statutory amount in one vehicle, and argued the debtors attempt to reaffirm the wholly encumbered vehicle should count as one exemption under the statute, even though there was no equity in the vehicle. The bankruptcy

MEMORANDUM OF DECISION – 7

court disagreed on both counts.  The court reviewed the statute and concluded the plain language allowed both debtors to claim the full statutory allowed amount in one vehicle.  Further, the court found, as to the wholly encumbered vehicle, there was no exemption to claim in it because the debtors had no equity in the vehicle.  This conclusion is in accord with the Nevada Supreme Court's determination in *Savage*.  In making this point, the bankruptcy court stated the Nevada statute applied to exempt "a debtor's *equity* interest in a motor vehicle rather than the vehicle itself."  *Id.* at 635 (emphasis in original).[6]

## II.  Application of Law to Facts

The plain language of the Nevada statute allows Debtor to exempt "one vehicle *if* the judgment debtor's equity does not exceed $15,000 or the

---

[6] Recently, the Nevada Supreme Court addressed a certified question from the Bankruptcy Appellate Panel of the Ninth Circuit, and determined a debtor in bankruptcy may not claim an exemption under NRS §§ 21.090(1)(f) and (z) on behalf of a non-filing spouse. *In re Fox*, 2013 WL 2364195, at *3, ___ P.3d ___ (Nev. May 30, 2013).  In making this ruling the Supreme Court of Nevada stated, "a judgment debtor in Nevada is limited to one motor vehicle exemption not to exceed $15,000 . . . ."  *Id.* at *3.

MEMORANDUM OF DECISION – 8

creditor is paid an amount equal to any excess above that equity."

(emphasis added). Here, the Court concludes the Vehicle is worth, based on Trustee's valuation, between $20,000 and $23,000. Because there is no lien on the Vehicle, Debtor's equity in the Vehicle is equal to the its value. Liberally construed in Debtor's favor, NRS § 21.090(1)(f) allows Debtor to exempt $15,000 in the equity in the Vehicle. Using Trustee's value estimate, that would mean that there is potentially $5,000 to $8,000 in nonexempt value in the Vehicle.

Because Debtor's equity in the Vehicle exceeds $15,000, and because there is potentially a substantial amount of nonexempt value in the Vehicle, Trustee is duty-bound to sell the Vehicle, pay Debtor his exemption amount from the sale proceeds, and distribute any excess to Debtor's creditors. *See* § 704(a)(1) ("The trustee shall . . . collect and reduce to money the property of the estate . . . ."). Because the nonexempt amount is not "of inconsequential value or benefit to the estate," Trustee is entitled to possession of the Vehicle to sell. § 542(a). Unless some other

MEMORANDUM OF DECISION – 9

arrangement is reached, Debtor must cooperate with Trustee by turning the Vehicle over to him to sell. § 521(a)(3) ("The debtor shall . . . cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.").

*Conclusion*

Trustee's motion for turnover will be granted. Trustee shall submit an appropriate order for entry by the Court.

Dated: June 21, 2013

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 10